**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:25-cr-00123 |
| **Plaintiff,** : | |
| : | Judge Algenon L. Marbley |
| v. : | |
| : | |
| **JERRY T. HAMMOND,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

On September 19, 2025, Defendant Jerry T. Hammond pleaded guilty before this Court to possession of visual depictions of prepubescent minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  At that hearing, Hammond moved for release pending sentencing, asking this Court not impose detention by:  (1) finding exceptional circumstances applied under 18 U.S.C. § 3145(c);  (2) holding acceptance of the plea agreement and adjudication until after a presentence report could be prepared; or (3) holding the plea colloquy in abeyance.  For the reasons stated at the hearing on September 19 and set forth herein, the Defendant's oral Motion was **DENIED**.

**I.  BACKGROUND**

Hammond pleaded guilty to collecting, possessing, and viewing hundreds of images of child pornography on multiple devices.  According to that plea, Hammond engaged in child pornography and child exploitation online from 2018 until 2024.  He engaged by means of an online community where he pulled images of real children off of social media and distributed them to others, claiming that they were his victims.  He also made violent and disturbing remarks about images of young children—for example, sharing an image of an eight-to-ten year old female and

stating that she needed to be "gang-raped." The Court accepted his guilty plea and adjudged him guilty of the offense charged. Hammond concurrently sought release pending sentencing.

## II. STANDARD OF REVIEW

A criminal defendant can seek release pending sentencing pursuant to 18 U.S.C. § 3141(b). Detention is generally mandatory pending sentence. A court is obligated to "order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger." 18 U.S.C. § 3143(a)(1); *see id.* § 3143(a)(2) (recognizing this requirement and adding additional ones for certain offenses under § 3142(f)(1)(A), (B), and (C)).

To determine whether a criminal defendant is a flight risk or a danger, § 3142(g) provides four factors. These are: (1) "the nature and circumstances of the offense;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## III. LAW & ANALYSIS

Hammond argued that he should be released for "exceptional reasons" pursuant to § 3145(c), which governs release pursuant to § 3143 in certain narrow circumstances while a party appeals a release or detention order. 18 U.S.C. § 3145(c).[1] The Government argued that § 3145(c) could only apply *after* "a release or detention order" was issued—which had not yet happened in this case—and thus was irrelevant. Hammond and the Government also disagreed on the relevance

---

[1] § 3145(c) provides, in relevant part, that while a party appeals a release or detention order, "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

2

of § 3143, with Hammond taking the position that the mandatory provisions of § 3143 would not come into play if the Court did not adjudicate Hammond guilty and determined that the plea agreement did not equate to Hammond being "found guilty" for purposes of § 3143. But because the Court ultimately did adjudicate Hammond's guilt when it accepted his plea, § 3143 does apply—specifically, subsection (a),[2] which requires that the Court "*shall* order . . . detained" a person "who has been found guilty of an offense" unless it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. §§ 3143(a)(1), (a)(2) (emphasis added).[3]

The Government argued that Hammond's actions—engaging in child pornography discussions and disseminating photos of minors—demonstrated his danger. The Government also argued that Hammond's suicide risk constituted a real risk of nonappearance, and therefore the Court should consider him a flight risk.

As mitigation, Hammond pointed out that this behavior began after he suffered a life-threatening medical event in 2017, which led him to become isolated, as well as mentally and physically unwell. He also noted his low risk of recidivism, his below-average intelligence quotient and educational background, and his cooperation with law enforcement. In sum, the defense argued he should be treated for mental health, not detained.

The Court determined that the § 3142(g) factors weigh in favor of pre-sentencing detention in this case. First, the nature and circumstances of Hammond's offense are serious. The Court is expressly directed by statute to consider "whether the offense . . . involves a minor victim." 18 U.S.C. § 3142(g)(1). Consumption of child pornography certainly implicates minor victims.

---

[2] § 3143(b) is not relevant because Hammond had no appeal pending.
[3] § 3143(a)(2)(A) provides additional requirements for offenses under § 3142(f)(1)(A), (B), and (C) not present under § 3143(a)(1).

*United States v. Fox*, 2017 WL 11546291, at *1–2 (6th Cir. July 5, 2017) ("Pornography offenses are not crimes of inadvertence, and they inflict a great harm on their victims."); *accord United States v. Brown*, 2008 WL 2098070, at *3–4 (S.D. Ohio May 16, 2008) (noting that child pornography offenses are crimes of violence). It also creates a market for child exploitation and violence. *See United States v. Brune*, 767 F.3d 1009, 1021 n.9 (10th Cir. 2014) (discussing the "economic motives" for production of child pornography); *United States v. Darling*, 2024 WL 1363977, at *2 (S.D. Ohio Apr. 1, 2024) (noting the connection between child pornography and child exploitation and sexual abuse). Thus, this factor militates in favor of detention.

Second, in considering the weight of evidence of Hammond's dangerousness, this Court considers evidence of dangerousness, not guilt. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). This distinction becomes somewhat blurred in this case, as Hammond has actually pleaded guilty, and thus, guilt is established. *Cf. United States v. Brown*, 2023 WL 1331528, at *4 (E.D. Tenn. Jan. 31, 2023) (finding guilty plea for drug trafficking self-evident of dangerousness). Hammond's dangerousness is apparent given his possession of hundreds of images of child pornography, his violent statements suggesting or encouraging the gang-rape of minors, and his circulation of real images of minors from social media to other consumers of child pornography as his purported victims. Thus, this factor also weighs in favor of detention.

Third, Hammond's history and characteristics are at equipoise—he has pleaded guilty to engaging in this activity for a long time and has mental health concerns regarding suicidal ideation, but otherwise has family and community ties, no criminal history, and no history of substance abuse. This factor is neutral.

Fourth, the danger posed by Hammond is serious to minors and weighs in favor of detention given the nature of his crime. Although he has not pleaded guilty to any physical contact,

he has actively encouraged a market and created an economic incentive for child exploitation and abuse. *See Brune*, 767 F.3d at 1021 n.9. He went a step further and actively circulated images of children in that market. *Cf. United States v. Kiper*, 2022 WL 943958, at *5–6 (E.D. Ky. Mar. 29, 2022) ("engaging with child exploitation materials causes real, lasting harm to real victims"). This factor weighs slightly in favor of detention.

## IV.     CONCLUSION

Possessors and consumers of child pornography are market makers, and Hammond actively encouraged that market for years. Hammond's medical history and complications from surgery in 2017 do not mitigate the seriousness of his crime. Three of the four § 3142(g) factors weigh in favor of detention for dangerousness, and the Court could not determine, by clear and convincing evidence, that Hammond would not be a danger to individuals and the community if he were released pending sentencing.[4] For these reasons, as discussed at the September 19 hearing, Hammond was remanded into the custody of the U.S. Marshal pending sentencing.

                                                                          _____
                                                                          **ALGENON L. MARBLEY**
                                                                          **UNITED STATES DISTRICT JUDGE**

**DATED:  October 29, 2025**

---

[4] The Court need not take up the Government's alternative argument regarding flight risk.